**NOT FOR PUBLICATION**

FILED

FEB 17 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: MELVA ATAYDE, | No. 14-60000 |
| Debtor, | BAP No. 12-1646 |
| MELVA ATAYDE, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| D. BRANDON FECO and LANE SCOTT YUDELL, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted February 5, 2016[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Melva Atayde appeals the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's (1) calculation of actual damages arising from Lane Scott Yudell's violation of 11 U.S.C. § 110 by engaging in the unauthorized practice of law; and (2) refusal to impute liability on Brandon Feco dba So. Cal. Properties ("Feco"). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

We review de novo the Bankruptcy Appellate Panel's decision and independently review the bankruptcy court's ruling. *In re Am. Wagering, Inc.*, 493 F.3d 1067, 1070–71 (9th Cir. 2007). We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010).

**1.** The bankruptcy court did not err in calculating the damages awarded to Atayde. The court found that Yudell violated 11 U.S.C. § 110 by engaging in the unauthorized practice of law, but concluded that Yudell's conduct did not cause Atayde to lose her residence. Rather, as the bankruptcy court found, it was Atayde's inaction, rather than Yudell's actions, that caused Atayde's alleged damages. Atayde—who filled out the bankruptcy petition paperwork herself—was warned multiple times by the bankruptcy court to correct her deficient and

2

incomplete filing or her case would be dismissed. Despite these warnings, Atayde neglected to respond to any of the notices or correct and complete her petition. Her failure to correct her filing resulted in the dismissal of her case.

Even assuming Yudell's violation of § 110 caused the dismissal of Atayde's bankruptcy case, the bankruptcy court found that Atayde still would have been unable to keep her residence because, among other reasons, she could not fund a chapter 13 bankruptcy plan as her job was ending and she did not have a steady source of income. Atayde contends that the bankruptcy court could not have determined that she lacked a regular source of income because she worked after losing her job. But, Atayde provided no further evidence, such as pay stubs or bank statements, of regular employment. Based on these facts, the bankruptcy court did not clearly err in determining that Atayde did not have a regular income to fund a chapter 13 plan. *See* 11 U.S.C. § 109(e) (only an "individual with regular income" may be a debtor for chapter 13 purposes); 11 U.S.C. § 101(30) (defining an "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker").

Finally, Atayde argues that the "actual damages" she is owed pursuant to § 110(i)(1)(A) should include the equity in her residence. However, Atayde failed

3

to provide adequate evidence that the property would be worth more than the amounts owed against it—including the outstanding deeds of trust, unpaid taxes, and various liens.[1]  Thus, the bankruptcy court did not err in finding that Atayde failed to establish actual damages beyond the $300 bankruptcy petition filing fee.

**2.**  Yudell has already paid Atayde the damages and attorney's fees ordered by the bankruptcy court.  Because there are no unresolved issues of damages and the judgment has been satisfied, the question of whether Feco is jointly liable is moot.

**AFFIRMED.**

---

[1] Atayde incorrectly contends that the bankruptcy court erroneously rejected her opinion of the value of her residence.  The bankruptcy court evaluated Atayde's testimony and found it not credible in light of the other documentary evidence contradicting her testimony, and unsupported by any other evidence.